BENJAMIN B. WAGNER
United States Attorney
JEFFREY A SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00021-GEB-DAD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $16,280.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 22, 2012, in the Shasta Trinity National Forest in California, officers with the U.S. Forest Service conducted a traffic stop of a Ford sedan driven by Scott T. J. Dorner ("Dorner") with Martine A. Dijkstra ("Dijkstra") as a passenger. During this stop, approximately $16,280.00 in U.S. Currency (hereafter "defendant currency") was seized.  The Federal Bureau of Investigation ("FBI") adopted the defendant currency for federal forfeiture.  The FBI commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about December 20, 2012, the FBI received claims from Dorner and Dijkstra asserting an ownership in the defendant currency.

2. The United States makes the following allegations with respect to the

defendant currency:

    a.    During the September 22, 2012 vehicle stop, the officer approached the vehicle and noticed the odor of marijuana coming from the vehicle. Dorner gave consent for the officer to search the vehicle;

    b.    During the search of the vehicle, the officer found a large bundle of U.S. Currency in an orange and gray backpack and another large bundle of U.S. Currency in a gray Swiss gear bag that had been wrapped in a sheet. Also located inside the Swiss gear bag was a partially smoked marijuana cigarette. Both bundles of currency were neatly stacked twenty-dollar bills wrapped with a single black hair tie around them. Also found in the vehicle was a small clear plastic bag in the passenger door containing marijuana;

    c.    Dorner admitted that the marijuana in the vehicle was his and that he was going to work with a friend who cultivated marijuana;

    d.    Dijkstra admitted that the money would be used to conduct marijuana related activities; and

    e.    As a result of the foregoing, the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

3. Without admitting the truth of the factual assertions contained above, Dorner and Dijkstra specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Dorner and Dijkstra agree that an adequate factual basis exists to support the forfeiture of the defendant currency. Dorner and Dijkstra acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Dorner and Dijkstra shall hold harmless and indemnify the United States.

4. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and

1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

6. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8. Upon entry of this Consent Judgment of Forfeiture, $13,280.00 of the $16,280.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

9. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $1,500.00 of the $16,280.00 in U.S. Currency shall be returned to Dorner and $1,500.00 of the $16,280.00 in U.S. Currency shall be returned to Dijkstra through their attorney Michael J. Shambrook.

10. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

11. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered

1 accordingly.

2     12.   No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

    13.   All parties will bear their own costs and attorney's fees.

    Further, pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

Dated: September 4, 2013

_____  
GARLAND E. BURRELL, JR.  
Senior United States District Judge

4

Consent Judgment of Forfeiture